Re: PETITION OF ARKANSAS BAR ASSOCIATION
for Modification of Code of Judicial Conduct
Relating to Broadcasting & Photographing
Court Proceedings

79-307                                    609 S.W. 2d 28
Supreme Court of Arkansas
Opinion delivered December 8, 1980

*Arkansas Bar Association*, by: *Dennis L. Shackleford* and *Thomas M. Carpenter*, and *Owens, McHaney & Calhoun*, by: *James M. McHaney, Jr.*, for petitioners.

PER CURIAM

The Arkansas Bar Association has petitioned for a modification of Canon 3(a)(7) of the Code of Judicial Conduct. That Canon generally prohibits the broadcasting and photographing of trial proceedings.

The time has arrived, in our judgment, where it may be possible for a trial to be photographed or broadcast without disruption and without prejudice to the parties, witnesses, or the jurors. More than half the states have adopted one plan or another whereby this may be accomplished. The best practice seems to be the approval of a trial period during which trial judges may, under circumstances deemed appropriate

and pursuant to rules we have adopted, permit broadcasting and photographing.

We do not perceive this matter to be a First Amendment issue. The right of the public to attend trials in Arkansas has been one consistently protected by this court. In fact, trials in Arkansas are probably more public than in any other state. This principle was first emphasized in *Commercial Printing Co.* v. *Lee*, 262 Ark. 87, 553 S.W. 2d 270 (1977), where we said:

> The public has every right to ascertain by personal observation whether its officials are properly carrying out their duties in responsibly and capably ad-ministering justice . . .

Later in *Shiras* v. *Britt*, 267 Ark. 97, 589 S.W. 2d 18 (1979), we emphasized that the law in Arkansas provides that "The sittings of every court shall be public, and every person may freely attend the same." Ark. Stat. Ann. § 22-109 (Repl. 1962).

There is no doubt that it is in the public interest for some trials to be available to the public either through photography or broadcasting. On the other hand, there are some trials that should not be broadcast or photographed. Cases of adoptions, guardianships and domestic relations fall in the latter category. Arkansas law already protects these proceedings to a degree. Ark. Stat. Ann. § 22-404.1. That does not necessarily mean that these trials are closed. They are open to the extent they have always been open. However, these trials involve subjects that normally would be of no con-cern to the public and the broadcasting of which might result in harm to innocent people. Our primary concern in such cases is for the litigants, who are quite often before the court contrary to their wishes. The parties, their relatives and friends are present because the law requires it. Children who are not even present may be affected by these proceedings and could be harmed or hurt by the publicity. The child custody case is an example of such a case.

The workings of the courts should be known to the public and it is our judgment that the media have reached the

stage of electronic sophistication that they can, in most cases, photograph and record trial proceedings without disruption and without prejudicing the rights of the parties. Yet there rests in the judiciary a role that is just as important as that of conducting trials in public and that is that decorum must be maintained in the courtroom. Furthermore, the courtoom must be a place where individuals can come for the solution of their problems in an atmosphere removed from the clamor of public passion and prejudice. The courtrooms of this land represent a place of tradition, dignity and objectivity. The preservation of such a forum is important if we are to maintain the principle that this a country of rule by law. That is the reason we leave to the trial judge the decision of whether it would be fitting and proper to permit photographing and recording of trial proceedings. While the parties and witnesses have to give their prior consent and while certain rules have to be followed before broadcasting and photograph should be permitted, the final decision must rest with the trial judge. It is on that office that the law places a duty and responsibility to see that the parties receive the full attention of the law, and that office must see that the law considers the case before it as the most important thing at that time. In other words, the courts are not in the entertainment business and obviously trials should be conducted with that in mind.

This is an experiment which we hope will work. However, both the judiciary and media must want it to work and that will require a degree of tolerance and flexibility by both parties.

We have modified the Arkansas Bar Association's request to the extent that it will apply to all courts, municipal, trial or appellate, but it will not apply to juvenile court for obvious reasons. While the canon and the rules speak in terms of the judge or a trial, the application of the canon and the rules may be to the courts we have enumerated.

For a period of one year, beginning January 1, 1981, Canon 3 (A) (7) will be amended to permit broadcasting and photographing of trials. A committee of this court is formed and charged with the responsibility of monitoring this subject

for this period of time. That committee will consist of Richard Mays as Chairman; Randall Williams, Circuit Judge; John Lineberger, Chancellor; Dennis Shackleford, attorney, and, Frederick K. Darragh, a layman.

## CODE OF JUDICIAL CONDUCT

## Canon 3: A JUDGE SHOULD PERFORM THE DUTIES OF HIS OFFICE IMPARTIALLY AND DILIGENTLY.

The judicial duties of a judge take precedence over all his other activities. His judicial duties include all of the duties of his office prescribed by law. In the performance of these duties, the following standards apply:

## A. *ADJUDICATIVE RESPONSIBILITIES*

(7) A judge may authorize broadcasting, recording, or photographing in the courtroom and areas immediately adjacent thereto during sessions of court, recesses between sessions, and on other occasions, provided that:

(a) the participants will not be distracted nor will the dignity of the proceedings be impaired;

(b) all parties and attorneys, whether depicted or not, and all witnesses that may be depicted or recorded have given written consent; the jurors shall not be depicted nor recorded;

(c) the broadcasting, recording or photographing of any court proceeding will be in compliance with the rules adopted by the Arkansas Supreme Court.

(d) trials in juvenile court or concerning adoptions, guardianships and domestic relations shall not be subject to broadcasting, recording or photographing.

## RULES

1. The court shall direct that the news media represen-

tatives enter into a pooling arrangement for the broadcast, recording or photographing of a trial. The media pool will first select one of its members to serve as pool coordinator. The media pool will establish its own procedures, not inconsistent with these rules or the wishes of the court, with the pool coordinator arbitrating any problems that arise. If a problem arises that requires the assistance of the trial court, the pool coordinator alone will be responsible for coordinating with the trial court. A plan for the placement of the broadcast equipment will be prepared and filed by the pool coordinator, subject to the final approval of the trial court.

2. The court retains ultimate control of the application of these rules over the broadcast, recording or photographing of a trial. Decisions made as to the details are final and are not subject to appeal. The court may in its discretion terminate the broadcasting, recording or photographing at any time. Such a decision should not be made in an effort to edit the proceedings but only as one necessary in the interest of justice.

3. The following persons or proceedings shall not be broadcast: minors without parental or guardian consent; victims in cases involving sexual offenses; undercover police agents or informers; witnesses, parties, or attorneys that have not given written consent to having their participation in the proceedings broadcast; in camera proceedings except with the consent of the court; other matters determined by the Arkansas Supreme Court to be restricted. Failure to abide by this provision can result in a citation of contempt against the news representative and his agency.

4. The media pool may have two cameramen in the courtroom during the course of a trial. One camerman will be responsible for still photography and one camera will be responsible for television photography. Both cameramen will remain in stationary positions outside the bar of the courtroom. Videotape recording and other electronic equipment not a component part of the camers will be located in an area remote from the courtroom. This area will be done designated by the trial court.

5. One additional audio system for radio broadcasting will be permitted provided that all microphones and related essential wiring will be unobtrusive and located in places designated in advance by the basic courtroom plan. The pool coordinator will permit the installation of a pickup distribution box to be located outside the courtroom area to allow additional agencies access to the audio feed.

6. Only television or photographic equipment that does not require distracting sound or light shall be employed to cover court proceedings. No artificial lighting device shall be employed in connection with television cameras. Any approved alterations in existing lighting or wiring will be accomplished by and at the expenses of the media pool.

7. Camera and audio equipment may be installed or removed only when the court is not in session. Film changes shall not be made while court is in session. No audio equipment will record conversations between attorneys and clients, or conversations between attorneys and the trial court held out of the hearing of the jury.

8. The Arkansas Supreme Court shall designate a committee to work with the bar and media groups to evaluate the success of the program. This committee shall also be responsible for setting the standards for the equipment that can be used during the course of court proceedings. Any matters that either bar or media groups wish to raise concerning the broadcast, recording or photographing of trials shall first be directed to this committee for decision, provided that legal issues raised on appeal shall continue to lie within the exclusive jurisdiction of the appellate courts.

### Consent for Media Coverage

Consent is hereby given to broadcast, electronically record or photograph my participation in the proceedings of the above-styled case, pursuant to the rules for media coverage of trials approved by the Arkansas Supreme Court, and the plan for coverage of this trial approved by the trial judge. I understand that once this consent is entered it cannot be revoked without a showing of just cause.

Date: _____

_____
Judge

_____
Attorney

_____
Attorney

_____
Party

_____
Witness

[Sign the appropriate space]