KARK-TV CHANNEL 4, INC. *v.* Floyd J. LOFTON, Judge

82-187                                          640 S.W.2d 798

Supreme Court of Arkansas
Opinion delivered October 25, 1982

*James M. McHaney, Jr.* of *Owens, McHaney & Calhoun,* for petitioner.

*Steve Clark,* Atty. Gen., by: *Jeffrey A. Bell,* Asst. Atty. Gen., for respondent.

GEORGE ROSE SMITH, Justice. Less than two years ago we amended our Code of Judicial Conduct to permit radio and television stations to provide pooling arrangements for the broadcasting, recording, or photographing of substantially all court proceedings, subject to the control of the presiding judge. *Re Petition of Arkansas Bar Association,* 271 Ark. 358, 609 S.W.2d 28 (1980). The Code amendments appended to the opinion required, among other restrictions, that only one fixed television camera be used and that all parties to the case consent to its use. Our decision was reached after the news media and the general public had been invited to submit their views. There was actually only one minor objection to the bar association's proposed amendments to the Code.

The present petition arises from two widely publicized criminal cases in which the three defendants, Eugene James Hall, Larry Darnell McClendon, and Mary (Lee) Orsini, all protested the presence of television cameras at their arraignment. The trial judge (the respondent Lofton) sustained the objection, as the amended Code required him to do, and ordered the removal of all television equipment. Counsel for the present petitioner, KARK-TV, unsuccessfully argued that the Code's requirements that the parties consent to the presence of television cameras really means that a party can

withhold his consent only by showing by clear and convincing evidence some compelling reason for the exclusion of cameras.

The present petition, filed here as an original proceeding, first asks that we issue a writ of mandamus compelling Judge Lofton to stop excluding cameras absent a compelling necessity shown by clear and convincing evidence. The prayer itself demonstrates that we are being asked to control Judge Lofton's discretionary action; so mandamus is obviously not the proper remedy. The petition also contains an alternate *ex parte* prayer that we amend the Code to provide that a party objecting to the presence of television or other electronic equipment must show that the equipment presents a clear and imminent threat to the fair administration of justice. We find no merit in the petitioner's arguments and therefore deny the petition without first inviting comments from others who may be interested.

The petitioner's position is that every newspaper, radio, and television reporter has an absolute right under the First Amendment to enter any public proceeding — presumably either legislative, executive, or judicial — and record whatever occurs, by means of a television camera, a still camera, a microphone, a tape recorder, a typewriter, or anything else, unless an objecting party shows by clear and convincing evidence a compelling reason for a curtailment of the reporter's activity.

Counsel cite no case supporting such an unfettered right of "technological access" to courtrooms and other public areas. In Florida, where the Code of Judicial Conduct permits the televising of criminal proceedings even over the defendant's objection, the Supreme Court summed up its position in *Petition of Post-Newsweek Stations, Florida*, 370 So.2d 764, 774 (Fla., 1979):

> While we have concluded that the due process clause does not prohibit electronic media coverage of judicial proceedings per se, by the same token we reject the argument of the petitioner that the first and sixth amendments to the United States Constitution man-

date entry of the electronic media into judicial proceedings.

That sentence was quoted, not necessarily with approval but certainly not with disapproval, by the Supreme Court of the United States in *Chandler* v. *Florida,* 449 U.S. 560 (1981), where the court held in effect that the various states are free to experiment in their efforts to determine to what extent the electronic media should be given access to the courtroom.

The only substantial support for the petitioner's position is to be found in an article written by Professor Diane L. Zimmerman, "Overcoming Future Shock: *Estes* Revisited," 1980 Duke L. J. 641. That article was published shortly before the decision in the *Chandler* case; its author was writing quite frankly as an advocate for her position. Even she, however, recognized the need for restrictions upon the media's access:

> The presence of cameras in the courts makes necessary rules to protect the court against noise, disruption, and confusion. Regulation of the number, placement, and noise levels of cameras is necessary to enable the court to carry on its work free from interruption. The accommodation of the due process rights of parties in civil and criminal proceedings also justifies these regulations. [P. 700.]

When we opened our courtroom doors to the electronic media to a somewhat limited extent, we referred to our action as "an experiment which we hope will work." 271 Ark. 361. That experiment, not yet two years old, appears to be functioning satisfactorily. The present petition does not persuade us of the wisdom of the proposed modification of the plan.

Petition denied.